**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LIZZETTE ORTIZ-BARRIS,

Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner of
Social Security,

Defendant.

CASE NO. 24-1109 (HRV)

**OPINION AND ORDER**

Pending before the Court is the "Petition for Authorization of Attorney's Fee Pursuant to the Social Security Act § 206(b)" filed by Attorney Pedro Cruz-Sánchez ("Attorney Cruz-Sánchez") on July 1, 2026. (Docket No. 26). Attorney Cruz-Sánchez moves the court to authorize an award of $28,080.00 under 42 U.S.C. § 406(b) and in accordance with the contingency fee contract he has with Plaintiff Lizzette Ortiz-Barris. The Commissioner of Social Security (hereinafter, "the Commissioner") neither objects nor assents to counsel's request for attorney fees. (Docket No. 27). The Commissioner simply reminds the court of its independent obligation to ensure that (1) the petition is timely, (2) the request reasonable, and (3) any EAJA fees are refunded. (Id.).

For the reasons set forth below, the motion for attorney's fees is **GRANTED** in full, provided that the fees previously awarded by the court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), are refunded to Plaintiff.

1

## I.    BACKGROUND

Plaintiff Lizzette Ortiz-Barris signed a contingency fee agreement in which she agreed to pay Attorney Cruz-Sánchez Section 406(b) fees that could be requested and capped at 25% of any past-due Social Security Benefits. (Docket No. 26-3). Attorney Cruz-Sánchez represented Plaintiff before this court seeking review of an unfavorable decision by the Commissioner denying her claim of disability benefits. (Docket Nos. 3). On September 10, 2024, after Plaintiff submitted her brief through counsel, the parties jointly filed a motion to remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket No. 21). The Court obliged and judgment was entered accordingly on that same date. (Docket Nos. 22 and 23).

Subsequently, on October 11, 2024, Plaintiff filed a motion for attorney's fees under the EAJA. (Docket No. 24). The Commissioner did not file a response to Plaintiff's motion for EAJA fees. The court granted the petition and awarded $8,804.66 in attorney's fees. (Docket No. 25).

On November 24, 2025, the Social Security Administration ("SSA") issued a Notice of Award ("NOA") granting Plaintiff past due benefits in the amount of $249,641.00 as of August 2017. (Docket No. 26-2). Several months later, apparently during the month of June 2026, Plaintiff was handed the NOA when she visited the local SSA office. (Docket No. 26-1). In awarding past due benefits to Plaintiff, the Commissioner withheld $53,210.25 for attorneys' fees, calculated to be 25% of the total amount due. (Docket No. 26-2 at 4).

On July 1, 2026, Attorney Cruz-Sánchez requested the payment of attorney's fees pursuant to Section 406(b). (Docket Nos. 21, 24). As noted, Plaintiff's counsel requests

$28,080,00 in fees which is lower than Section 406(b)'s 25% cap. He argues that the demand is reasonable, and that his motion was timely filed. (Id.). On July 14, 2026, the Commissioner responded to counsel's motion neither supporting nor opposing the request. (Docket No. 27). The Commissioner defers to the court on the questions of timeliness and reasonableness and points out that any previous EAJA award must be returned to Plaintiff. (*Id.*).

## II.    APPLICABLE LAW

Section 206(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b). Even though the statute does not specify a deadline for requesting attorneys' fees, the District of Puerto Rico Local Rules provide that

> [a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have thirty (30) days after counsel's receipt of the original, amended, or corrected Notice of Award, or the Social Security Correspondence sent at the conclusion of the Agency's past-due benefit calculation, stating the amount withheld. The Commissioner shall have thirty (30) days after receipt of the request to respond.

D.P.R. Local Civ. R. 9(d)(2) (March 4, 2022) (Misc. 03-115 (RAM), Docket No. 71-1).

The Supreme Court has held that contingent fee agreements are permissible in matters involving Social Security benefits claimants. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the Court must be satisfied "that the fee sought is reasonable for the services rendered . . . based on the character of the representation and the results

3

the representative achieved." *Id.* at 807-08. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* at 808. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id.* "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id.* (citations omitted). And, if Plaintiff's attorney was awarded fees pursuant to the EAJA, the attorney must refund the smaller fee amount to Plaintiff. *See Gisbrecht*, 535 U.S. at 796.

### III.   DISCUSSION

**A.   Timeliness**

Plaintiff received the NOA last month and forwarded it to counsel on June 30, 2026.  However, the letter is dated November 24, 2025. (Docket No. 26-2). Counsel filed the motion on July 1, 2026. (Docket No. 26). As noted, a thirty-day filing deadline applies to 406(b) motions and the countdown to this deadline begins upon delivery of an original or amended NOA to counsel. D.P.R. Civ. R. 9(d)(2); *see also Pais v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022) (applying a reasonableness standard). As such, I find that counsel's motion for attorney's fees is timely.

**B.   Reasonableness of Fees**

Attorney Cruz-Sánchez requests a total of $28,080.00 in attorney's fees. He attached a time-log to the motion detailing the work performed and it reflects that he

4

spent 35.1 billable hours on Plaintiff's representation in this court. This equates to a *de facto* hourly rate of $800.00.

It is up to the courts to determine whether the amount requested pursuant to 406(b) is reasonable. *See Alvarez-Roman v. Comm'r of Soc. Sec.*, No. 19-1780 (BJM), 2025 U.S. Dist. LEXIS 40909, 2025 WL 712998, at *4 (D.P.R. Mar. 5, 2025). Here, the fee requested conforms with Plaintiff's contingent fee agreement and complies with the statutory cap by not exceeding the 25 percent statutory limit. There is also no indication that the terms of the contingent fee agreement reached by Plaintiff and Attorney Cruz-Sánchez were unreasonable. *Id.* at *4 ("Though courts have the duty to serve as an independent check regarding the reasonableness of fees requested pursuant to § 406(b), this duty must be balanced against a client and his attorney's free and willful decision to enter into a contingency-fee agreement and their right to have that agreement upheld"). The court is also mindful that attorneys representing social security claimants in federal court pursuant to contingent fee agreements "assume a considerable amount of risk … [because] the reality of this practice, [is that] claimants and their attorneys loose far more cases than they win." *Vazquez-Soto v. Comm'r of Soc. Sec.*, No. 19-1168 (MDM), 2023 WL 4285991, 2023 U.S. Dist. LEXIS 113771, at *21 (D.P.R. June 30, 2023) (Morgan, M.J.).

Additionally, counsel's work in this court was not substandard. On the contrary, it prompted a motion for remand that subsequently resulted in a favorable decision at the agency level and an award of past due benefits. Moreover, there is no indication of undue delay or improper conduct by counsel. Finally, the effective hourly rate is consistent with (actually lower than) amounts courts in this circuit have previously

deemed reasonable. *See, e.g., Alvarez-Roman v. Comm'r of Soc. Sec.*, 2025 WL 12998 at *4-5 (approving de facto rate of $864.52); *Piñeiro-Fuentes v. Comm'r of Soc. Sec.*, No. 18-CV-1556 (MDM), 2023 WL 6605907, 2023 U.S. Dist. LEXIS 6605907, at *14 (D.P.R. Oct. 10, 2023) (approving de facto hourly rate of $1,010 for 19.8 hours of work on case involving post-briefing voluntary remand); *Heather C. v. Dudek*, No. 22-cv-103-SDN, 2025 WL 1359208, 2025 U.S. Dist. LEXIS 88674, at *4 (D. Me. May 9, 2025) (approving a Section 406(b) fee with an effective hourly rate of $2,158.20); *Christopher H. v. Kijakazi*, No. 28-cv-00355, 2022 U.S. Dist. LEXIS 224823, 2022 WL 17668469, at *1 (D. Me. Dec. 14, 2022) (approving a Section 406(b) fee with an effectively hourly rate of $1,190.48); *Weed v. Colvin*, No. 14-cv-271, 2016 WL 3919849, at *2-3 (D. Me. July 15, 2016) (approving a Section 406(b) fee with an effective hourly rate of $1,279.56)).

## IV.   CONCLUSION

In view of the above, the "Petition for Authorization of Attorney's Fee Pursuant to the Social Security Act § 206(b)" (Docket No. 26) is **GRANTED** in full and the Court ORDERS that the amount of $28,080.00 be paid to Attorney Cruz-Sánchez from Plaintiff's past-due benefits. Attorney Cruz-Sánchez shall refund to Plaintiff the amount previously awarded pursuant to the EAJA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 18th day of July, 2026.

> S/Héctor L. Ramos-Vega
> HÉCTOR L. RAMOS-VEGA
> UNITED STATES MAGISTRATE JUDGE